# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-00030-JAD-CWH |
| Plaintiff/respondent | **Order granting motion to vacate sentence and resentencing defendant** |
| v. | |
| Rafael Cruz-Rodriguez, | [ECF No. 234] |
| Defendant/petitioner | |

Federal prison inmate Rafael Cruz-Rodriguez pled guilty to one count of conspiracy to distribute and possess with intent to distribute. I sentenced him to 33 months of imprisonment, and he was subsequently sentenced to a concurrent sentence in Nevada state court for the same offense conduct. Cruz-Rodriguez moves to vacate his federal sentence under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective because she didn't realize that he was in federal pre-trial detention under a writ of habeas corpus ad prosequendum and therefore not entitled to time-served credit against his federal sentence. Although the government contests this conclusion, it asserts that, in the interests of justice, I should resentence Cruz-Rodriguez to time served due to the unusual circumstances underlying his federal and state sentencings. I therefore grant Cruz-Rodriguez's motion, vacate his sentence, resentence him to time served with all prior-stated conditions of supervised release imposed, and order the Bureau of Prisons to immediately release him from custody, subject to any detainers.

## Background

In September 2015, the North Las Vegas Police Department arrested Cruz-Rodriguez on suspicion of acting as a runner for a drug-trafficking organization.[1] Before state-court

---

[1] ECF No. 217 at 1; *see also* ECF No. 220 at 3.

proceedings were initiated, the United States filed a criminal complaint against Cruz-Rodriguez and his co-conspirators[2] and successfully petitioned for a writ of habeas corpus ad prosequendum.[3] Cruz-Rodriguez was transferred from state custody to the U.S. Marshals Service on October 19, 2015, and eventually indicted by a federal grand jury on the conspiracy-to-distribute charge.[4] He pled guilty, and I sentenced him to 33 months of custody on April 18, 2017.[5]

Several weeks later, the State of Nevada charged Cruz-Rodriguez with a drug-trafficking felony offense based on the same conduct underlying his federal conviction.[6] He again pled guilty and was sentenced to 12 to 36 months to run concurrent to his federal sentence.[7] The state court also credited Cruz-Rodriguez for 657 days for the time he spent in federal pre-trial detention.[8]

In November 2017, almost seven months after I entered judgment on his federal conviction, Cruz-Rodriguez filed a "motion for a sentence nunc pro tunc."[9] He argued that the Bureau of Prisons (BOP) erred by not crediting him for the 18 months he spent in federal

---

[2] ECF No. 1.
[3] ECF Nos. 7, 16–17.
[4] ECF No. 217 at 1; ECF No. 54.
[5] ECF Nos. 196–97, 200.
[6] ECF No. 217-1; ECF No. 220 at 3 ("[B]oth the state case and federal case were related to the drug trafficking organization (DTO) and attendant drugs attributed to Mr. Cruz-Rodriguez, who was a 'drug mule'. The state case arrest and charges were for possession of heroin within the same time period as the charges in the instant federal case and within the same DTO."); ECF No. 240 (the government stating that Cruz-Rodriguez's "state conviction is based on conduct that is *entirely* encompassed by his federal offense of conviction").
[7] ECF No. 217-1 at 2.
[8] *Id.*; *see also* ECF No. 240 at 5.
[9] ECF No. 217.

custody. But Cruz-Rodriguez did not contest the general rule that a defendant held in pre-trial detention by federal authorities under a writ of habeas corpus ad prosequendum is "considered to be 'on loan'" from the jurisdiction that originally arrested him and is therefore not entitled to time-served credit against his *federal* sentence.[10] Cruz-Rodriguez instead argued that the probation office's presentence report (PSR), which stated that he was "in continuous federal custody," misled him to believe that he was in *exclusive* federal custody.[11] He contended that, if he had understood that he was being held by federal authorities on a writ, he would have requested that I delay sentencing him until after he was sentenced in state court.[12] He then would have sought to have his federal sentence run concurrent to his state sentence, which was credited for the time he spent in pre-trial detention under the writ. He argued that, because the PSR's inaccurate portrayal of his detention status prevented him from taking these steps, I should order the BOP to credit the time he spent detained under the writ.

The government countered that Cruz-Rodriguez's motion was untimely because, under Federal Rule of Criminal Procedure 35(a), I may correct a sentence only within 14 days of rendering it.[13] At a motion hearing,[14] Cruz-Rodriguez argued that I could nonetheless grant him relief under Rule 36, which permits district courts to correct a clerical error in the judgment "at any time . . . ." But Cruz-Rodriguez sought to substantively amend his sentence—not merely fix

---

[10] *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991); *see also Dugan v. Clark*, No. CV 00-9374-RC, 2001 WL 113660, at *3 (C.D. Cal. Feb. 2, 2001) (citing *Thomas* and holding that the petitioner was "not entitled to credit against his federal sentence for time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum").

[11] *See* ECF No. 217 at 1.

[12] ECF No. 220 at 4.

[13] ECF No. 219 at 2.

[14] ECF No. 227.

3

a clerical error. And because the Ninth Circuit has held that "the fourteen day provision in Rule 35(a) is jurisdictional,"[15] I denied his motion on the record.

At a subsequent status-check hearing, Cruz-Rodriguez's attorney stated that she had informed Cruz-Rodriguez that he could collaterally attack his federal sentence under § 2255.[16] I confirmed on the record that Cruz-Rodriguez understood that this avenue was available to him, and he eventually filed this pending petition. Two weeks ago, I directed the government to submit an answer, which it timely filed this week.[17]

**Discussion**

The government argues that the BOP correctly denied Cruz-Rodriguez time-served credit under 18 U.S.C. § 3585(b), which allows the BOP to credit an inmate for time spent in pre-trial detention only if this time "has not been credited against another sentence." And because the state court credited Cruz-Rodriguez's state sentence, he is not entitled to the same credit against his federal sentence. The government further contends that Cruz-Rodriguez's counsel was not ineffective because she could not have known during his federal sentencing whether Nevada would subsequently prosecute him and thus could not have requested time-served credit against his federal sentence at that point.[18] And, the government continues, it would have been "reasonable" for Cruz-Rodriguez's attorney to believe that Nevada would decline to prosecute him because the PSR noted that the state was monitoring his federal case and "especially because the offense conduct for which Cruz-Rodriguez was charged in state court was part and parcel of

---

[15] *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011).
[16] ECF No. 229.
[17] ECF No. 240.
[18] *Id.* at 6–7.

4

the federal offense . . . ."¹⁹ The government also represents that its prosecutor also "likely anticipated the state would drop its charges after the federal sentencing" and that Cruz-Rodriguez would have therefore received time-served credit against his federal sentence.²⁰ The government calculates that, as of the time it filed its response, Cruz-Rodriguez has been in custody for just over 37 months, which exceeds his 33-month sentence.²¹

Ultimately, I need not decide whether Cruz-Rodriguez can establish ineffective assistance of counsel because the government nonetheless asserts that the interests of justice support resentencing Cruz-Rodriguez to time served.²² It highlights several "highly unusual circumstances" in support of this recommendation:

> (1) [the] defendant's state conviction is based on conduct that is *entirely* encompassed by his federal offense of conviction; (2) the parties may reasonably have expected the state to dismiss its charges once the defendant was sentenced in federal court, and thus for the defendant to have all of the time he spent in custody prior to the commencement of his federal sentence credited toward that sentence; (3) the state court intended the state and federal sentences to run concurrently; and (4) the defendant has already spent more time in custody tha[n] the federal sentence imposed . . . .²³

Given these circumstances, the government has (to the extent of its recommendation) "expressly and affirmatively" waived the provision of Cruz-Rodriquez's plea agreement waiving his right to collaterally challenge his

---

¹⁹ *Id*. at 7.
²⁰ *Id*.
²¹ *Id*. at 8 n.3.
²² *Id*. at 8.
²³ *Id*.

conviction.[24] I therefore find good cause for granting Cruz-Rodriguez's motion to vacate his sentence, resentence him to time served, and order his immediate release from prison subject, of course, to any applicable detainers.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Cruz-Rodriguez's motion to vacate his sentence under 28 U.S.C. § 2255 **[ECF No. 234] is GRANTED**.

IT IS FURTHER ORDERED that Cruz-Rodriguez's sentence **[ECF No. 200] is VACATED**. I **RESENTENCE** Cruz-Rodriguez to a sentence of **time served and reimpose all previously ordered conditions in his amended judgment [ECF No. 200]**. The **CLERK OF COURT** is directed to **REENTER JUDGMENT.** The Clerk must also file this order and a separate civil judgment in the related civil cases: 2:18-cv-00281 and 2:18-cv-00413.

IT IS FURTHER ORDERED that the **Federal Bureau of Prisons IMMEDIATELY RELEASE** Cruz-Rodriguez, **SUBJECT to any DETAINERS.**

IT IS FURTHER ORDERED that Cruz-Rodriguez's motion for appointment of counsel **[ECF No. 235] is DENIED as MOOT.**

Dated: November 6, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[24] *Id.*; *see also* ECF No. 122 at 12.